IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LAURA STAHL                          :

v.                                   :     Civil Action WMN-00-3211

TODD STEWART, et al.                 :

                                     :

## ORDER

On December 17, 2001, this Court issued a Memorandum and Order granting Defendants' motion for summary judgment. On January 17, 2002, Plaintiffs filed a "Motion for Reconsideration of Summary Judgment Ruling in Favor of Defendants." Paper No. 31.

It is clear that the intent of Plaintiffs' motion was to challenge the legal conclusions the Court reached in its December 17, 2001 Memorandum. See Reply at 2 ("Plaintiffs believed they were clear in that they believe the court's decision was based on either a mistake or ignorance of the law as it relates to flood policy language contained in the Standard Flood Insurance Policy.") Unfortunately, because the motion for reconsideration was not filed within ten days of the entry of the order to which it relates, it can only be construed as a motion pursuant to Rule 60(b), not Rule 59(e). See In re Burnley, 988 F.2d 1, 2-3 (4th Cir. 1992). A district court judge may not extend the time to file a Rule 59(e) motion. See Fed. R. Civ. P. 59; Fed. R. Civ. P. 6(b).

Furthermore, the Court of Appeals for the Fourth Circuit has made clear that when a motion under Rule 60(b) raises no new arguments, but merely requests that the district court reconsider a legal issue or change its mind, relief is not authorized. United

States v. Williams, 674 F.2d 310, 313 (4th Cir. 1982)("To the extent that the post-judgment motion sought to have the district court reconsider its ruling with respect to the [issues addressed in the district court's original order], it [is] clearly improper, because Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue."); see also, Smith v. Evans, 853 F.2d 155, 158 (3rd Cir. 1988) (legal error, without more, cannot justify granting a Rule 60(b) motion). Therefore, the motion for reconsideration must be denied.

Were the Court able to reach the issue of the correctness of its legal determination regarding the scope of preemption under the federal flood insurance program, the Court would not alter its conclusion. While Plaintiffs undeniably are correct that some courts have held otherwise, this Court concludes that the reasoning of those decisions finding preemption is simply more persuasive. See Novikov v. Allstate Insurance Co., Civil Action No. S-01-0305, 2001 WL 880852 (E.D. Cal. July 11, 2001); Scherz v. South Carolina Ins. Co., 112 F.Supp.2d 1000, 1007 (C.D. Cal. 2000); Neill v. State Farm Fire and Casualty Co., 159 F.Supp.2d 770 (E.D. Pa. 2000).[1]

---

[1] In the briefing on this motion, Plaintiffs opine that the Court has not treated them "with the respect that is to be afforded Pro Se litigants." Reply at 2. The undersigned can understand Plaintiffs' frustration in trying to present what they believe to be a meritorious claim, only to have it not heard on its merits because of a seemingly obscure doctrine like preemption, or because they were unaware of one of seemingly endless procedural rules. The Court intended no disrespect and notes that Plaintiff Laura Stahl has done a very admirable job in presenting her case. The Court just disagrees with Plaintiffs' legal conclusion.

Accordingly, IT IS this 7th day of March, 2002, by the United States District Court for the District of Maryland, ORDERED:

1) That Plaintiffs' Motion for Reconsideration, Paper No. 31, is DENIED; and

2) That the Clerk of Court shall mail or transmit copies of this Memorandum and Order to Plaintiffs and all counsel of record.

                                      /s/
                              William M. Nickerson
                              United States District Judge